Samuel W. Eager, J.
Judgment is directed for plaintiff. Generally speaking, a demand is not a necessary condition precedent to an action on a judgment (see 50 O. J. S., Judgments, § 852). Where the judgment is assigned, a demand of payment by the assignee upon the debtor would not in my opinion be required before suit thereon (see 6 C. J. S., Assignments, § 127) and, in any event, the bringing of the suit would itself constitute the necessary demand, if required.
The judgment recovered in the State of Florida and the assignment thereof, as filed and recorded in the Public Records of Pinellas County of said State, are held to be properly authenticated to entitle them to be received in evidence. Each was duly attested as a “ correct copy ” as required by section 398-b of the Civil Practice Act, and this is deemed sufficient. The specific objection to the assignment on the ground that it was purportedly acknowledged before an interested party as notary is readily overruled. A notary acts as an administrative officer, and the fact that a notary is a stockholder and director of a corporation involved in a transaction will not void a corporate acknowledgement taken by him.
The defendant questions the validity of the assignment. Clearly, this assignment was effective to pass legal title, and appears to be valid and fully effective. Execution and delivery thereof is presumed from fact of acknowledgement, filing and recording.
Plaintiff shall have judgment. Decision has been signed and filed.